Bill in equity by infants to redeem property in Washington sold for taxes, and to cancel the deed made by the Corporation of Washington to the purchaser at the tax-sale; or to obtain a re-conveyance of the property to the infants.
The complainants were the mother and two infant children ; who claimed the south half of lot No. 9, in the square No. 293, in Washington, under a deed from James N. Edmonston to the mother in trust for the two children during their joint lives and the life of the survivor of them, with remainder to the mother in fee.
The property was assessed in the name of Sarah Edmonston and Benjamin B. Myers; and more than two years’ taxes being due thereon, it was advertised as their property and sold in June, 1832, by the collector to the said Benjamin B. Myers, who paid the amount of the taxes due thereon, namely, ($17.78,) but died without obtaining a deed from the Mayor of Washington, according to the provisions of the charter; who on the 8th of J uly, 1834, made a deed to “ the heirs of Benjamin B. Myers, deceased,” without naming them.
By the tenth section of the charter of 1820, it is provided, “ That minors, mortgagees, or others having equitable interests in real property, which property shall be sold for taxes as aforesaid, shall be allowed one year after such minors coming to, or being of, full age, or after such mortgagees, and others having equitable interests, obtaining the possession of, or a decree for the sale of, such property, to redeem the property, so sold, from the purchaser or purchasers, his, her, or their assigns, on paying the amount of *536 purchase-money so paid therefor, with ten per cent, interest thereon as aforesaid, and all the taxes that have been paid thereon by the purchaser or his assigns, between the day of sale and the period of such redemption, with ten per cent, interest on the amount of such taxes, and also the full value of the improvements which may have been made or erected on such property by the purchaser or his assigns, while the same was in his or their possession.”
One of the children had arrived at full age when the bill was filed, but the year had not elapsed which was allowed for redemption. The other child was. still under age.
The Court was of opinion that they were in time to redeem, and decreed accordingly.